# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD RAPHAEL HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-15-999-R |
| ) | |
| CHEYENNE NAT[]ION ) | |
| INDIAN AFFAIRS ) | |
| UNITED STATES GOVER[N]MENT ) | |
| DOE 1-100, ) | |
| ) | |
| Respondent(s). ) | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate housed in Hawaii, filed a "Complaint" asking this Court to: (1) order his "birth certificate be remade" to reflect that his biological father is Ronnie Lee Goodblanket, (2) enter his name "in the Indian role [sic] as a Native American," and (3) order the Cheyenne tribe to pay him all benefits he would have received from birth to date. Doc. 1, at 1-2. United States District Court Judge David L. Russell referred the matter for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). The undersigned construes Petitioner's "Complaint" as a writ of mandamus and recommends that the court dismiss it on filing.

**I.     The "Complaint's" construction.**

Petitioner invokes no federal cause of action. Doc. 1. Further, he does not allege that any group or individual has violated his federal statutory or

constitutional rights. *Id.* So, the undersigned declines to construe Petitioner's "Complaint" as arising under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 (creating a private cause of action when persons acting under color of State law violate another's "rights, privileges, or immunities secured by the Constitution and laws"). Without an underlying cause of action, the undersigned cannot construe Petitioner's requests as ones for permanent injunctions. *See Powell v. Rios*, 241 F. App'x. 500, 505 n.4 (10th Cir. 2007) ("The Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action." "Absent a properly-filed complaint, a court lacks power to issue . . . injunctive relief." (citations omitted)); *see also Smith v. U.S. Ct. of App., for the Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007) (noting that the federal court can construe a request for a court order as a request for injunctive relief, but only if the Petitioner "can show he was deprived of a federal right").

However, because Petitioner seems to request this Court compel the performance of a duty owed to him, the undersigned can construe Petitioner's "Complaint" as a writ of mandamus. *See* 28 U.S.C. § 1361 (A writ of mandamus serves "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner.").

## II. The unavailability of mandamus relief.

With this construction, the court should summarily dismiss Petitioner's writ of mandamus on two grounds.

First, the undersigned assumes, based on Petitioner's forum choice, that Oklahoma issued his birth certificate. But a federal district court cannot issue a writ of mandamus to State officials. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *see also Amisub (PSL), Inc. v. State of Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."). So this Court cannot order Oklahoma – or any other State – to modify Petitioner's birth certificate under the current circumstances.

Second, the Cheyenne tribe is a federally-recognized entity. *See Cheyenne-Arapaho Tribes of Okla. v. State of Okla.*, 618 F.2d 665 (10th Cir. 1980).[1] The Tribe maintains sovereign immunity from suit and this Court lacks jurisdiction over its membership rolls and decisions. *See Ordinance 59 Ass'n v. U.S. Dep't of Interior Sec'y*, 163 F.3d 1150, 1156-57 (10th Cir. 1998) ("No matter how this case is approached, the Association is asking this court

---

[1] Again, based on Petitioner's forum choice, the undersigned assumes that Petitioner references the Oklahoma-based Cheyenne tribe. There are also federally-recognized Cheyenne tribes in Montana and South Dakota. *See* https://www.federalregister.gov/articles/2013/05/06/2013-10649/indian-entities-recognized-and-eligible-to-receive-services-from-the-united-states-bureau-of-indian-affairs (last accessed September 22, 2015).

3

to step in and tell a tribal government what to do in a membership dispute. Whether federal intervention would be right, wrong, or well-intentioned, that intervention is exactly the kind of interference in tribal self-determination prohibited by *Santa Clara* [*Pueblo v. Martinez*, 436 U.S. 49 (1978)]."). So, this Court has no authority to place Petitioner on the "Indian role [sic]" or to order the Cheyenne tribe to provide him with membership benefits.

### III. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court construe Petitioner's "Complaint" as a writ of mandamus and summarily dismiss it on filing.

The undersigned advises Petitioner of his right to file an objection to the report and recommendation with the Clerk of this Court by the 13th day of October, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this report and recommendation will moot Petitioner's motion to proceed in forma pauperis, Doc. 2, and will terminate the referral.

ENTERED this 23rd day of September, 2015.

                                                                                                    SUZANNE MITCHELL
                                                                                                    UNITED STATES MAGISTRATE JUDGE